We'll call our next case. And I'm going to apologize to the appellant in advance. 25-1019 Miguel v. HPG Pizza I. You can correct me when you come up if I got that wrong, and I won't do it again. Please proceed. Good morning. May it please the court. Laura Farmald on behalf of Appellant Steve Mile, a pizza delivery driver who worked for Appellee's, owners and operators of Papa John's franchise restaurants. Sounded like Mile to me. Okay, got it. Go ahead. I would like to reserve five minutes of my time for rebuttal. We'll do our best. Today we asked the court to reverse the district court's decision because the dismissal of Mr. Mile's FLSA claims was based on two distinct misunderstandings or a misapplication of the law that resulted in math errors. I'm going to interrupt you before you get to your two substantive points. What is the order on review here? The district court resolved this under 12B1. So it's a subject matter, lack of subject matter dismissal for failure to allege standing seems your briefing and your friend's briefing seem to be merging 12B1 and 12B6 standards. So can you help me with that threshold question of what do you understand the ruling before us to be? Yes, thank you, your honor. So in our briefing, we did note that we believed the what the district court did was a 12B6 standard, but even looking at it under the 12B1 subject matter standard, we believe we are still successful. And so that's what we focused on in our briefing was looking at it under the 12B1 standing. Don't we have to look at it under either 12B6 or 56 when the merits issue is inextricably intertwined with the standing issue? I mean, isn't that our case law? It's not a 12B1 issue, is it? We agree. It is actually a 12B6 issue. Yes. Well, it could be a 56 too, right? We don't think that will 56 applies here. The district court did look at the declaration and pay stubs outside of the pleadings, but it did rely on Mr. Miles' estimates when it made its conclusion. So it only relied on the information provided in the complaint to reach its ultimate conclusion. So you disagree that the district court relied on? Sorry, Judge McHugh, go ahead. Well, the pay stubs were referenced in the complaint, weren't they? So even under a 12B6, would the court be at liberty to consider those? I don't believe the pay stubs were referenced in the complaint. I believe Mr. Miles alleged that he was paid approximately 1060 per hour. He actually references the pay stubs, but I have to find the site. But you didn't object to the consideration of the pay stubs, did you? That's correct, Your Honor. We just noted for the court that we thought the proper standard was 12B6. I apologize, it derailed you. So your two points. No, that's no problem. The first being that the court improperly included the tip credit when it was looking at Mr. Miles' FLSA minimum wage violation. And that is because no employer subject to the Colorado Minimum Wage Act can claim an FLSA tip credit. The second error- Well, they didn't claim a tip credit under the FLSA, did they? That's correct, Your Honor. And they admit that they never sought a tip credit, which they would have had to do, I believe, under Section 203M? Yes, that is correct. And because they did not claim a tip credit and they did not comply with 203M's requirements, they are not permitted to count any tips the employee received towards their minimum wage obligation. And we know this- Or for anything, right? They also can't consider it as to the tools of the trade for the car use, is that correct? Whether or not they- If they didn't comply with 203M notice, is it your position that they can't use the tip credit for anything? That's correct, Your Honor. And what the court did in calculating whether or not Mr. Miles had shown an FLSA minimum wage obligation was use the full $13.65 an hour calculation to subtract the estimated kickback of $4.58 to show that he was not below $7.25 an hour, but this is not proper. The way that that should have been calculated based on Mr. Miles' estimates was reducing the $4.58 per hour kickback from that $10.63 per hour wage that he was actually paid. Well, the district court also ruled that he couldn't rely on his kickback figure because it was unsubstantiated and based on speculation. How do you respond to that? Yes, thank you, Your Honor. We do find that that statement was a bit confusing because the court did use that Mr. Miles' estimate in its ultimate decision making. It used his estimates to create those calculations on which it based its decision. And because we are at the pleading stage, in particular, the case law is clear that employees can use estimates in the pleading stage to talk about their vehicle expenses as well as their miles driven, hours worked, and wages paid. And that is the burden to keep track of the expenses for mileage and car maintenance. Yes, thank you, Your Honor. That burden falls on the employer. Now, how are they supposed to keep that? Did your clients provide them with any records? Is that is that alleged? I mean, how's the employer supposed to know how your client's Prius drives versus my client's Ram 2500 that gets eight miles to the gallon in town? Yes. And we do not contest that it would be difficult to calculate actual expenses. But it is the employer's obligation that is clear in the statute. And as Judge Ketledge noted in the Parker decision out of the Sixth Circuit and looking at this issue, it is the employer's obligation. And they could have done several things to avoid this issue. They could have decided not to shift the enormous cost of owning, maintaining, and fueling a vehicle onto their minimum wage workers. They could have chosen to purchase a fleet of vehicles themselves for their workers to use. They could have also chosen to provide a platform for their employees to provide none of that happened here. And what's the relevance of the IRS mileage credit or whatever they call it? The IRS standard business mileage rate? Yes. So the relevance is not huge here at the pleading stage. The plaintiff can rely on the IRS standard business mileage rate for an estimation of what his vehicle expenses were. Whether or not that is ultimately what is used in the case is not before the court and would come much later. Mr. Mile has not alleged that the employer was required to reimburse at the IRS rate. Instead, what he has done is estimate that his vehicle expenses were approximately at the IRS rate. And that is because based on his estimations of what he recalls from his work experience. But we don't know what his estimations were. There's nothing in the complaint about what he thinks it cost him to operate the vehicle, is there? Not about what he thinks it cost him to operate the vehicle, but what he used was the IRS standard business mileage rate as his estimate of what it cost him to operate the vehicle. And it is our position that that meets the plausibility standard at this stage of the case. Turning quickly to the second math error and the overtime calculation provision. And the court misapplied the tip credits to Mr. Mile's overtime claim because an employee's regular rate can never be less than the full state law minimum wage. In this case, while Mr. Mile was with HPG, the state law minimum wage was $13.65 an hour. The court used the $10.60 per hour tipped wage rate to make its calculation. However, the statute is clear and as well as the case law that a regular rate is the cash wage that the employer pays less the amount of tip credit taken, which in this case would have been $13.65 an hour as the base regular rate as opposed to the $10.60 an hour that the district court used to make its determination. And are you saying that they couldn't take any tip credit on the overtime calculation? The employer is not permitted to take a tip credit. That's correct. So it would have to be the higher Colorado minimum wage plus half of that, plus 50%. Yes, that's correct, Your Honor. And that was discussed in the Perrin case and is also explicitly provided in two separate regulations, 778.5 and 531.60. So is it, if I understand your argument, you're saying that an employer can never take a tip credit if they pay a cash wage greater than the FLSA minimum? The employer can never take an FLSA tip credit if they pay a wage rate that's higher than that $7.25 an hour. Yes, that's correct. Is there any, there's no allegation to complain whether there was a Colorado tip credit. Is that relevant here? Is there such a thing? So it may become relevant later on in the case. And I do not have that statutory language ready to present to you today because we are just here on the dismissal of the FLSA claims. But yes, all right. I don't have the information, but we could brief that for you and send it in to you if that would be helpful. What did you argue before the district court about the tip credit? We argued that the tip credit, that the HPG did not claim a tip credit and therefore the minimum wage violation calculation should be based on the wage rate he was actually paid, that $10.60 an hour. And was your position on that based on the Romero case or was it statutory based? It was statutory. Okay. You're not relying on the Romero case? Oh, I am relying on the Romero case, but that is additional support for the plain statutory language in 203M. Okay. And if you have no other questions, I would like to reserve my remaining time for rebuttal. Okay. Thank you, counsel. Thank you. May it please the court. My name is Hillary Ross and I represent the appellees in this matter, HPG Pizza One, HPG Pizza Two LLC and Rob Prang. The court should affirm the district court's dismissal of Mr. Miles' claim under Rule 12B1 for two reasons. First of all, as the district court held in this case- And again, I'm going to stop you. You're saying we should review this under 12B1, not 12B6? Yes, Your Honor. Our argument was that Mr. Miles doesn't have standing because he was unable to allege damages under the FLSA because- You can't determine if he hasn't proved damages without going to the merits of his claim, right? Haven't we been pretty clear that when they're inextricably intertwined, you've got to go to 12B6 or 56? Under these circumstances, Your Honor, it's HPG's position that because Mr. Miles put calculations in his amended complaint stating how he alleges damages under the FLSA, that his failure to actually allege a violation of the FLSA because he was paid at all times, the then-existent Colorado minimum wage of $13.65 shows that he lacked standing to bring a minimum wage claim under the FLSA. I'm struggling with how to receive your argument even on its own terms. We have the plenary authority to convert 12B1 to a 12B6, as Judge McHugh was alluding to, if the issue is inextricably intertwined as it seems to be here. But even assuming that what we have before us is just a 12B1, you raised both a facial and a factual attack in the district court. And the factual attack relied on documents that you submitted and asked the court to consider, right? Yes, Your Honor. And then the other side did not oppose that. And so those were in fact before the court and the court in fact looked at them. Yes, Your Honor. And now in a footnote in your briefing to us, you disclaim reliance on a factual approach. Your Honor, we do intend to rely on both a facial and a factual approach because that is what the district court relied on. But you disclaimed it in your opening brief. So now you don't want us to. I guess I'm having trouble understanding if you put the evidence, the relevant subject matter jurisdiction standing evidence before the district court and you challenged standing under a factual approach. Now you're disclaiming that. How are we supposed to be thinking about that? And your response is we don't need to be thinking about that because notwithstanding that it's in your brief, you insist you still maintain a factual approach, a factual challenge. Yes. Yes. HPG's position is that there is a factual challenge that was made. There was evidence that was submitted to the district court. And as the record reflects, that was evidence that was not objected to by Mr. Mile. So if we were not to convert this, as you seem to suggest, it's just 12B1, then we would analyze whether the district court correctly concluded under the face of the complaint, but also with the documents that you provided. That's your position. Those documents are available to us on appeal, correct? Yes, your honor. As the district court held, Mr. Mile cannot show that he has damages under the Fair Labor Standards Act because based upon his own allegations, at all times he was always paid at a minimum of $9.07 per hour. And second, is that taking into consideration the amounts that he says have to be back charged for the use of his vehicle? Yes, your honor. Because at all times, Mr. Mile was required by Colorado law to be paid at the then in effect Colorado minimum wage, which was $13.65 per hour. So if you back out what Mr. Mile is claiming as a kickback, the $4.58 per hour, I believe, math is not my strong point, but I believe that gets us to $9.07 per hour, which would have been the minimum wage that he was paid at any time, even assuming his allegations are correct. And it was clear in the complaint and in the briefing that a tip credit was taken, but a tip credit under Colorado law. And I think that's an important distinction that needs to be made here. HPG's requirement wasn't to comply with a $7.25 federal minimum wage under the FLSA. HPG was required to comply with Colorado law, which sets a far higher minimum wage at the time, $13.65. So the reason that HPG never took a tip credit under federal law is because it paid a much higher salary or much, much higher wage because it had to. But it did take a tip credit under Colorado law, which was also clear from the pay stubs and even in Mr. Mile's allegations, because he claims that he was paid $10.60 per hour per plus tips. Is there any question in this case about whether your client can appropriately rely on the Colorado tipped minimum wage number as the relevant metric here? Is there any reason we would think you couldn't rely on that number? No, Your Honor, because under Colorado, the FLSA certainly allows employers to pay more than the FLSA $7.25 per hour. The FLSA is concerned with subminimum wages, with anything that falls below that threshold. Under Colorado law, because there is a higher minimum wage that is required, but there's also in the comps order, there's a provision for a tip credit that can be taken as well. The fact that there's no allegation in the complaint, Mr. Mile doesn't claim that he was not a tipped employee. He doesn't claim that HPG inappropriately took a Colorado tip credit. He doesn't claim that he received less than $3.02 per hour in tips and therefore he wasn't appropriately able to be subjected to a tip credit. For that reason, because- How does the Colorado tip credit apply in determining his obligations under federal law when 203M makes it very clear that you can't rely on a tip credit for calculating your obligations under federal law unless you've given notice and complied with 203M? Yes, Your Honor. First of all, there are no facts in the record as to whether or not there was notice to employees with respect to any tip credit. That's just not something that's before the court at this point because it wasn't an allegation that was in the amended complaint. Second of all, Your Honor, my point is that because the- Well, it's clear the district court relied on a tip credit to do its calculations, right? It did not rely on a tip credit for purposes of the FLSA because at the point that HPG properly took a tip credit towards wages under Colorado law, any tips that may or may not have been used to make up for the shortfall between the tipped minimum wage under Colorado law, which was $10.63 an hour, to the $13.65 per hour, they properly count as wages and therefore they're wages for all purposes. But the district court used the $13.65 number, didn't it? Yes, Your Honor, because that is the appropriate wage that needs to be used because that was the wage that was required to be paid by HPG and Mr. Mild does not claim in his amended complaint that he was paid anything less than that. And this gets back to my question about if there's any reason to think that reliance on the $13.65 number is legally erroneous in this case. And I think I understood your response to Judge McHugh to be maybe under 203M, but there are no allegations that there wasn't compliance with that section. Is that correct? Yes, Your Honor. And at the same time, because HPG was required to comply with Colorado minimum wage, which is significantly higher, the issue is whether or not there was any sort of allegation that they did not properly comply with any sort of Colorado requirements with respect to taking a tipped minimum wage. And there are no allegations that they did. And there's also, because of that, the difference between the $10.63 an hour that he was paid as a cash wage as an appropriate Colorado tipped minimum wage and the $13.65 an hour that was the minimum wage threshold under law, that that amount is considered wages. So when you're dealing with the state, go ahead, Judge McHugh. On the overtime claim, you admit that the district court used the wrong minimum wage, don't you? You can see. No, Your Honor. In fact, the district court did not use the wrong minimum wage. What the district court used was, and this is where the 12B1 factual analysis is most appropriate here, is because the district court looked at Mr. Miles' pay stubs that were attached to the Pring Declaration. And in those pay stubs, it demonstrated that he was paid a cash wage of $20.82 per hour for all overtime that he worked. There was no tip credit taken against that. Candidly, Your Honor, I don't know why that was what the wage was that was used, but that is the actual wage that he was paid. And that is far in excess of what he was required to be paid under federal minimum wage law. Even if you were to back out $4.85 that he's alleging is a kickback. Okay, so on the tip credit issue, it takes up a lot of bandwidth. But in a state like Colorado, the federal tip credit, 203M, is basically never in because you have a minimum wage that's well above the federal minimum wage. Correct, Your Honor. Okay. And so, I mean, you wouldn't ever have a situation where you needed to take a federal tip credit because you have to pay a cash wage of basically three bucks more. Yes, Your Honor. You have to pay either a cash wage or a tipped minimum wage that would at that time $13.65 an hour. Okay. I don't recall in the district court's decision an explanation that it was relying on the Colorado tip credit. And there's nothing in the complaint that I see that talks about the Colorado tip credit. Am I missing something in the district court's decision? Your Honor, in the amended complaint, there is a reference to the tip credit. I'll refer you to the record at page 52. Plaintiff contends that he was paid $10 plus tips for delivering food, or $10.60 plus tips for delivering food. What paragraph of the complaint are you in? Um, that would be paragraphs 98 through 99. Thank you. But by adopting the $13.65 number, the district court understood that to have been inclusive of the Colorado tip credit, right? That's correct, Your Honor. And also just common sense, there's no allegation in the complaint that, again, that he was paid sub-minimum wage under Colorado law, you know, setting aside the kickback issue, because he was at all times paid at least $13.65 an hour, as the district court recognized that he conceded in his complaint. So, because Mr. Mile did not allege that he was not a tipped employee, he did not allege that he did not receive at least $3.02 of tips per hour each hour that he spent delivering pizzas. He doesn't claim that the tipped wage that he was paid was somehow improper under Colorado law. The Colorado tipped minimum wage is the appropriate reference for determining whether or not there's a minimum wage violation here under the FLSA. So that's $13.65 an hour and not $10.63 an hour, which is what Mr. Mile claims should be relied upon. What role did the complaint's use of estimates and assumptions play in the district court's decision? Your Honor, as the district court pointed out that the estimates that were used by Mr. Mile were estimates that were built upon assumptions. And those assumptions were frankly a bit confusing to us, because he claims at one point that he would drive an average of five miles per delivery. And then elsewhere, he says he regularly drove between five and 10 miles per delivery. An average of five miles per delivery would suggest that it was something less than five miles sometimes, and it was something more than five miles sometimes. Between five and 10 miles is something significantly higher. And therefore, there's a huge range, and it was difficult to tell exactly what Mr. Mile was claiming as far as what would be the mileage that he drove. Right. I guess my question is more along the lines of, did the district court rely on that in deciding that there was no, he didn't allege a concrete injury, or is it based on his own numbers where the district court took the numbers in the complaint and the pay stubs you submitted and just calculated them up and said no injury? As far as what the district court truly relied on, I would agree with you, Your Honor. It was more on the calculations that Mr. Mile put in his complaint. And also that there was a reference to the, at least for the overtime claim, the actual overtime rate that he was paid. What is your response to this? Which is, if what we have before us is a ruling on standing, and if we decide that that ruling is incorrect, that either facially or factually there is standing here, why shouldn't we just remand this for the district court to undertake an appropriate next step, whether it be a 12B6 or 56? Because it does seem to me that your position relies on, both relies and disclaims, it's a little bit confusing, frankly, to follow documents that are not in the complaint. So what is your reaction to why that would not be a good idea? Your Honor, I see my time has expired. May I briefly conclude? Go ahead. I think it's it's both, but under a 12B6 analysis, again, even just looking at the allegations that are that are in the face of his complaint. So even without reference to the pay stubs, the math still doesn't work. He claims in his complaint that he made $13.65 per hour and there's no way that you can back out the $5 or the $4.58 that he is claiming was a kickback and get to below the federal minimum wage. Thank you, counsel. All right, we have some rebuttal. Thank you. I first would like to address the interplay between the Colorado tip credit and the FLSA tip credit. And what we are here about today is whether or not the FLSA tip credit could be claimed or those tips could be counted towards the employer's minimum wage obligation, and they not. And that is because the employer paid more than the $7.25 per hour, and they did not comply with the notice requirements under 203M. Well, you only take a tip credit for purposes of when your cash wage is less than the minimum wage. Yes. And so their cash wage has always been more than the federal minimum wage. So what's why would they why would they provide notice and why would they take a FLSA tip credit? Well, I think that they were, I mean, I don't think that they were required to because just because they comply with the Colorado Minimum Wage Act, if they did, that doesn't excuse them from complying with the FLSA. And that is spelled out in numerous cases and also in some of the regulations that we cited to the court, specifically 29 CFR 778.5. So simply because they paid a higher hourly rate, that does not mean that they are free to ignore the FLSA obligations, and particularly the tip credit obligations. In your opinion, they should have they should have filed a notice that they were taking a tip credit under Colorado law? They should have informed the employees the amount of the tip credit that were taking. And if this case goes on further, we will get into whether or not they even could because they did not properly consider or account for Mr. Miles actual vehicle expenses. Did you plead that the 203 M facts? Did you? Well, did you? Did you plead that? Yeah. Yes, we did plead that they did not properly comply with the tip credit requirements. Is it your position that the argument that we just heard was that if you take the amount that your client is claiming he was paid, which is the 1065 or 1365, and you back out the 558, you're still above the federal minimum wage, even without a tip credit. Do you dispute that? Well, Your Honor, he was not paid 1365 an hour. Did he end up receiving 1365 an hour because he also received some tips that we do not dispute that if you would remove the 458 from 1365, that does not result in an FLSA violation. So what's his amount without tips per hour? 1063, the amount he was actually paid by the employer. That is the only amount that they are to consider when determining whether or not they complied with the FLSA. Okay, but your argument is I'm sorry, Judge McHugh. Go ahead. So even if legally they could do have a tip credit for purposes of Colorado law, you're saying that that tip credit, that state tip credit is irrelevant for purposes of the FSLA. Yes, Your Honor. Okay. Thank you, Counselor. Your time is up. Thank you.